TIMOTHY S. CORY, ESQ.  
Nevada Bar No. 1972  
ADAM P. BOWLER, ESQ.  
Nevada Bar No. 8383  
**TIMOTHY S. CORY & ASSOCIATES**  
8831 West Sahara Avenue  
Las Vegas, Nevada 89117  
Telephone (702) 388-1996  
tim.cory@corylaw.us  
adam.bowler@corylaw.us  

Attorneys for the Debtor

E-filed February 14, 2011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-S-10-29987-BAM |
| MAZZARA, MARTIN, and | Chapter 11 |
| MAZZARA, LORI, | |
| Debtor. | Date:<br>Time: |

### DEBTORS' PLAN OF REORGANIZATION, DATED FEBRUARY 14, 2011

### ARTICLE I

### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") proposes to pay creditors of Martin and Lori Mazzara, (the "Debtors") from income from earnings. This Plan provides for 1 class of secured claims and one class of unsecured claims. This Plan also provides for the payment in full of administrative and priority claims.

All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security

- 1 -

holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

2.01 "Administrative Claim" means a Claim:

(a) that is entitled to allowance under Bankruptcy Code § 503(b), or which is otherwise entitled to priority pursuant to Bankruptcy Code § 507(a)(1); or

(b) required to be paid under Bankruptcy Code § 365(b), in connection with curing of defaults of assumed executory contracts and unexpired leases.

2.02 "Allowed Claim" means a claim, other than an Administrative Expense Claim, against the Debtor or the Estate to the extent that:

(a) A Proof of Claim with respect thereto was:

    (i) timely filed pursuant to any order of the Bankruptcy Court;

    (ii) or deemed filed pursuant to Bankruptcy Code § 1111(a); or

    (iii) late filed after hearing on notice to Debtor and all Creditors and parties in interest and with leave of the Bankruptcy Court; and

(b) The Claim is not a Disputed Claim and no party in interest has filed an objection to such Claim in the Bankruptcy Case within the time prescribed by a Final Order of the Bankruptcy Court or within the time prescribed within this Plan, or if an objection to such Claim has been filed:

    (i) The Claim is allowed by a Final Order; or

(ii) The Claim is allowed under this Plan.

2.03 "Allowed Equity Interest" means the common and preferred stock of the Debtor.

2.04 "Allowed Unsecured Claim" means an Unsecured Claim that is an Allowed Claim.

2.05 "Allowed Secured Claim" means a Secured Claim that is an Allowed Claim.

2.06 "Ballot" means the Ballot for accepting or rejecting this Plan in a form approved by the Bankruptcy Court.

2.07 "Ballot Date" means the last date determined by the Bankruptcy Court for the casting of Ballots.

2.08 "Confirmation Date" means the date the Confirmation Order is entered on the Bankruptcy Court's docket.

2.09 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129, entered on the Bankruptcy Court's docket.

2.10 "Disclosure Statement" means the written Disclosure Statement for this Plan that is approved by the Bankruptcy Court pursuant to Bankruptcy Code § 1125.

2.11 "Effective Date" means the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the Confirmation Order has not been vacated.

2.12 "Estate" means the estate created in the Reorganization Case by Bankruptcy Code § 541.

2.13 "Final Order" means an order, judgment or other decree of the Bankruptcy Court which has not been reversed, stayed, modified or amended and (I) as to which an appeal or certiorari proceeding that has been or may be taken has been finally resolved, or (ii) as to which

the time for appeal or certiorari proceeding has expired and as to which no appeal or petition for certiorari is pending.

2.14 "Petition Date" means October 22, 2011, the date on which a petition for relief under Chapter 11 of the Bankruptcy Code was filed commencing the Reorganization Case.

2.15 "Plan" means this Plan of Reorganization in the form filed by the Debtor and amendments of supplements made thereto in accordance with the Bankruptcy Code.

2.16 "Priority Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(2)(7).

2.17 "Priority Tax Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

2.18 "Reorganization Case" means the Debtor's case under Chapter 11 of the Bankruptcy Code which is currently pending before the Bankruptcy Court as Case No. 09-24688-LBR.

2.19 "Reorganized Debtor" means Joseph and Darcy Yakubik., on and after the Confirmation Date.

2.20 "Secured Claim" means a claim secured by a lien to the extent of the value of the property of the Debtor or of the Estate securing such claim.

2.21 "Unsecured Claim" means any claim that is not a Secured Claim, a Priority Claim, an Administrative Claim, or an Allowed Equity Interest.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. All Allowed Claims entitled to priority under § 507 of the Bankruptcy Code (except Administrative Claims and Priority Tax Claims).

2.02    Class 2.    Class 2 consists of the Allowed Secured Claim of Zions First National Bank N.A. (Zions), against the Debtor.

2.02    Class 3.    All unsecured claims allowed under § 502 of the Bankruptcy Code.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), Administrative Claims and Priority Tax Claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an Administrative Claim allowed under § 503 of the Bankruptcy Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a Priority Tax Claim will be paid in full over a period of five years in accordance with Section 1129(a)(9)(C).

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date, or the date on which such claim is allowed by a Final Order. |
| Class 2 – Allowed Secured Claim of Zion's Bank, (609 China Doll Place, Henderson, NV) | Impaired | Class 2 the Allowed Secured Claim of Zions is impaired by this Plan. The value Zions' secured claim is $1,25,692.00, and the Class shall be paid as set forth below. The Debtor shall pay Zions 60 regular monthly payments of $8,500 (which amount represents the original contract rate, including interest) following which the entire unpaid amount owing under the note will be due in full. Debtor may prepare at its option, in whole or in part, without penalty or premium, the then outstanding principal balance of the indebtedness under this claim, at any time during the course of the Plan. |
| Class 3 - General Unsecured Creditors | Impaired | All allowed Unsecured Claims will be paid by the Reorganized Debtor their Pro-Rata share of monthly installments equal to the Net Income for each plan year as set forth on Exhibit 2 to the Disclosure Statement. These payments are as follows: Year 1 - $11,299; Year 2 - $12,712; Year 3 – 12,904; Year 4 - $13,074: and Year 5 – $13,219. In addition the Payments will commence on the first day of the first month following the month in which the Effective Date occurs. Debtor may recover some ARE Money, which, if recovered, will be paid pro-rate to Allowed Unsecured Claimants upon receipt. |

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been

filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

    5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    Assumed Executory Contracts and Unexpired Leases.

    (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan:

    (i)    none.

    (c)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the Confirmation Date, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the Confirmation Date.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

    7.01    Employment of the Debtors. The Plan will be executed through the continued employment of the Mr. Mazzara. After the Confirmation Date, the Reorganized Debtors shall maintain and keep all assets in good repair, order and condition, shall maintain liability and casualty insurance, shall file all tax returns and reports required by law or applicable regulations,

shall not take or permit to be taken by others under its direct or indirect control any action that is inconsistent with the Plan or that would interfere with or prevent implementation of the Plan. The Reorganized Debtor shall retain the service of such professionals as it deems necessary to assist in the implementation of the Plan.

## ARTICLE VIII

## GENERAL PROVISIONS

8.01    Retention of Jurisdiction.  The Bankruptcy Court shall retain jurisdiction to implement and enforce the Confirmation Order and this Plan according to their terms, including but not limited to:

(a) Allowance of compensation and other administrative expenses;

(b) Resolution of objection to claims;

(c) Resolution of all objections, conflicts, controversies or disputes arising out of the sale of assets of the estate and to provide for additional time for sale of any assets if necessary;

(d) Correction of any defect, omission or inconsistency in the Plan, of the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

(e) Modification of the Plan in accordance with the provisions of Bankruptcy Code § 1127;

(f) Resolution of all questions and disputes regarding title to property and resolution of all causes of action, controversies, disputes or conflicts arising out of the Plan, the Confirmation Order, or any other order issued with respect to the Plan, including, without limitation, disputes arising out of the failure of the Reorganized Debtor, any creditor, or other party in interest to perform obligations required under the Plan;

(g) Resolution of requests to close or reopen this case; and

(h) Assumption or rejection of executory contracts that are not discovered or proved to be valid as against the Debtor prior to the Confirmation Date, and allowance of claims for damages as to rejection of such executory contracts.

8.02    Headings.  The headings in this Plan are for convenience only and shall not limit or otherwise effect the provisions of this Plan.

8.03    Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06    Notices.  All notices, payments and correspondence required or permitted by the Plan, unless otherwise indicated, shall be either hand-delivered or mailed by first class United States mail, postage prepaid, as follows:

| | | |
|---|---|---|
| (a) | Debtor: | Martin and Lori Mazzara<br>609 China Doll Place<br>Henderson, Nevada 89012 |
| (b) | Debtor's Counsel | TIMOTHY S. CORY & ASSOCIATES<br>Lakes Business Park<br>8831 West Sahara Avenue<br>Las Vegas Nevada, 89117 |
| (c) | Other Parties | At the addresses set forth on the mailing matrix maintained in this case by clerk of the Bankruptcy Court. |

Notices shall be deemed given when hand-delivered or when mailed postage prepaid through the United States Postal Service.  Any address may be changed by sending written notice of such change to all persons to be charged with knowledge of such address change.

- 9 -

8.07   Reservation of Rights.  The filing of the Plan, any statement or provision contained in the Plan, or any action by any party with respect to the Plan, shall not be considered an admission against interest or a waiver of any rights, except as stated in the Plan as finally confirmed.  In the event the Plan is not confirmed, the Plan, any statement or provision contained in the Plan may not be used or relied upon in any suit, action, controversy or other proceeding.

8.08   Right to Withhold Confirmation Order or Not to Proceed.  If there are any impediments or delays in confirming the Plan, the Debtor reserves the rights to withhold the order confirming the Plan or proceed under the Plan until such time as the Plan has been confirmed by the Court and the Effective Date under the Plan has passed.

8.09   Amount of Claims.  All references to claims and the amounts of claims refer to the amount of the Allowed Claim.  Creditors holding claims which have been objected to and which are not Allowed Claims prior to the Ballot Date shall not be entitled to vote on the Plan unless, upon request of the Creditor, the Bankruptcy Court estimates such Claim for voting purposes prior to the Ballot Date.

8.10   Time.  In computing any period of time described or allowed by this Plan, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is not a Business Day, in which event, the period runs until the end of the next day which is a Business Day.  When the period of time prescribed or allowed is less than eight (8) days, intermediate days that are not Business Days shall be excluded from the computation.

8.11   Confirmation by Cramdown.  The Debtor may, at any time before the conclusion of the hearing of confirmation, verbally move the Bankruptcy Court to confirm the Plan as a "Cramdown" Plan as against a non-consenting class or classes of claims pursuant to Bankruptcy Code § 1129(b).  Any class that does not vote to confirm this Plan is deemed to have rejected the Plan.

- 10 -

## ARTICLE IX

## DISCHARGE

9.01    Discharge.    Upon payment of all amounts due hereunder, the debtors will be discharged from any debt that arose before confirmation of this Plan, except that the Debtors will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By: _____
Martin Mazzara

By: _____
Lori Mazzara

- 11 -